IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 21-10020-JWB
                                                          Case No. 23-1030-JWB

MICHAEL J. TAYLOR,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 40.) The motion is fully briefed and ripe for decision. (Docs. 48, 49, 53.) The motion to vacate is DENIED for the reasons stated herein. Defendant's motions for an order staying judgment and to appoint counsel (Docs. 46, 51) are DENIED AS MOOT.

**I.**     **Facts and Procedural History**

On March 23, 2021, KT, the mother of Minor Victim 1 ("MV1"), contacted the Wichita State University ("WSU") Police Department after her daughter had not returned home. KT had attempted to call MV1 who did not answer the phone. MV1's phone was in her bedroom. KT then looked through the phone and saw messages about MV1 meeting a male that day and saw a picture with MV1 sitting next to an unknown adult male. (Doc. 26, Presentence Report ("PSR") ¶ 26.) KT used an application called "locate my device" to find the location of MV1's computer, which MV1 had in her possession. The location of the computer was showing at the Hyatt Place, a hotel on WSU's property. (*Id.* ¶ 27.)

According to KT, she went to the WSU Police Department to tell officers about her missing daughter. KT provided WSU police with the picture of the male with MVI. (Case No. 21-mj-

1

6034-GEB, Doc. 1 ¶ 9.) The officers went to the Hyatt Place and spoke with the staff. The officers then approached Room 432 after obtaining the room number from staff. Defendant Michael Taylor answered the door in his shorts. Defendant informed officers he was there with MV1 whom he met online and was 19 years old. (PSR ¶ 28.) Defendant allowed an officer to enter the room where the officer found MV1 getting dressed. The officers found several electronic devices in the hotel room including a Lenovo laptop, a Dell laptop, two smartphones, and several thumb and flash drives. (*Id.* ¶ 29.) The electronic devices were not examined until after a search warrant for the devices was obtained. (Case No. 21-mj-6034-GEB, Docs. 1–4.)

During his Mirandized interview, Defendant signed a waiver for search and examination of the two smartphones seized from the hotel room and provided passcodes for those devices. (*Id.* at Doc. 1 ¶ 18.) A forensic search of the Samsung Galaxy revealed images depicting child pornography. (*Id.* ¶¶ 31–32.) Defendant admitted to receiving and retaining nude depictions of MV1 after meeting her online in September 2020, when MV1 was only 14 years old. For several months, Defendant groomed MV1, took illicit photographs of her, and made recordings of MV1 engaged in masturbation. Defendant, who was 46 years old, also admitted to flying from Ohio to Wichita, Kansas on March 22, 2021, bringing with him a sex toy, a phone for MV1, and a thumb drive of pornographic depictions of MV1. Defendant admitted to engaging in sex acts with MV1 in the hotel room. Defendant admitted to using a thumb drive to transfer the pornographic depictions to another device and he also uploaded the images to a Google account. (*Id*. ¶¶ 24–25; Doc. 26 ¶¶ 36–40.) The examination of the devices subject to the search warrant revealed the presence of child pornography of MV1, including video recordings. During his interview, Defendant stated that MV1 told him initially that she was 19 years old but then said she was 15 years old. (Doc. 26 ¶ 36.) MV1 was 15 years old in March 2021.

In April 2021, Defendant was indicted for multiple crimes involving a minor victim: Counts 1 and 2 charged sexual exploitation of a child in violation of 18 U.S.C. § 2251(a); Count 3 charged a violation of 18 U.S.C. § 2423(b) for traveling with an intent to engage in illicit sexual conduct; Counts 4 and 5 charged violations of 18 U.S.C. § 2252A(a)(1) for transportation of child pornography; and Count 6 charged a violation of 18 U.S.C. § 2252A(a)(5)(B) for possession of child pornography. (Doc. 11.)

In late April, defense counsel contacted the government regarding a potential plea. In response, the government advised that it would not consider a Rule 11(c)(1)(C) plea. (Doc. 49-1 at 1.) On June 8, defense counsel again contacted government counsel to inquire as to the government's position. In response, the government informed defense counsel that it would consider a request to plead to a single count of production with a recommendation of a low-end guideline sentence. In August 2021, defense counsel proposed a plea of guilty to the lead production charge with the government agreeing to recommend no more than the bottom-end of the sentencing guideline range. (Doc. 49-2.) On September 30, 2021, Defendant pleaded guilty to Count 1. (Doc. 23.) At that plea hearing, Defendant stated under oath that he was satisfied with his counsel.

Based on his total offense level and criminal history, the guideline imprisonment range was 360 months to life. However, the statutorily authorized maximum sentence was 30 years. (Doc. 26 ¶ 132.) Defense counsel filed a sentencing memorandum and moved for a downward variance to the statutory minimum of 15 years. (Doc. 30.) In that memorandum, defense counsel argued that the sentencing factors supported a statutory minimum sentence in that Defendant had no criminal history and he was not likely to reoffend. In accordance with the plea agreement, the government argued for a sentence of 30 years. The court ultimately sentenced defendant to 336

3

months. (Doc. 34.) In fashioning the sentence, the court detailed the § 3553(a) factors. Significantly, the court found Defendant's conduct egregious in that he groomed MV1 for several months before flying to Wichita with sex toys and child pornography with the intent to rape a child. Further, he brought her a different cellular phone so that they could continue their conversations in secret. The court discussed that the sentence imposed was less than the guideline sentence of 30 years because of Defendant's lack of criminal history. Defendant did not file an appeal. Defendant timely filed his § 2255 motion on February 21, 2023. Defendant raises several arguments in support of his motion which will be addressed in turn.

**II.     Standard**

Section 2255(a) of Title 28 of the United States Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. *See United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 586 U.S. 357, 363 (2017) (citation omitted.) "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an

4

objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**III.   Analysis**

   **A.   Motion to Suppress**

Defendant argues that his defense counsel was ineffective for failing to file a meritorious motion to suppress. In response, the government argues that a motion to suppress would not be meritorious in that the devices were seized upon Defendant's arrest, Defendant gave a Mirandized interview where he admitted to having images and videos of MV1, and the devices were searched pursuant to a warrant. In his reply brief, Defendant argues that he did not know about the warrant and asserts defense counsel was ineffective for failing to tell him about the warrant or that she lacked knowledge regarding the same. (Doc. 53 at 3.)

When reviewing a claim for ineffective assistance of counsel, the court may address the *Strickland* prongs in any order. *United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015). To demonstrate that counsel's failure to file a motion to suppress evidence caused him prejudice under *Strickland's* second prong, "the defendant must . . . prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Defendant has wholly failed to articulate how his motion to suppress would have been meritorious. Defendant

5

merely argues that his defense counsel informed him that he had a meritorious claim. (Doc. 48 at 7.) This is not sufficient to meet his burden here.

Further, given the evidence in this case, which includes Defendant's Mirandized interview, his waiver to search certain devices, and the search warrant, the court finds that counsel's strategic decision to forego the filing of a motion to suppress was reasonable. The court finds the allegations in the petition fail to show that counsel's representation fell below an objective standard of reasonableness and fail to show that Defendant suffered any prejudice as a result. Defendant is not entitled to relief on this ground.

### B. Discovery Motion

Defendant argues that his defense counsel was ineffective for failing to file a motion to compel discovery. Defendant claims that certain materials were not timely provided. In response, the government points to email communications regarding discovery and asserts that defense counsel was provided discovery. (Doc. 49-1.) Defendant further argues that he should have acquired the forensic examination materials. However, defense counsel may not acquire the child pornography pursuant to 18 U.S.C. § 3509(m). Defendant also suggests that some text messages or exchanges would have shown that his motive in capturing the recording was innocent and that he attempted to cut out the inappropriate portions of the video but wasn't successful. (Doc. 48 at 11.) Defendant, however, fails to sufficiently establish that his counsel erred in failing to file a motion for discovery based on the evidence that discovery was exchanged. Further, Defendant has not sufficiently alleged what evidence was not provided to defense counsel.

In his reply, Defendant argues that this claim is instead based on his position that defense counsel was ineffective for failing to investigate mitigating or exculpatory evidence and that he did not violate the statute. (Doc. 53 at 3.) In his plea agreement, however, Defendant admitted to

knowing MV1 was a minor at the time, engaging in illicit sexual conversations with MV1, and videoing MV1 engaged in masturbation. The video was transmitted from MV1 in Kansas to Defendant in Ohio via the internet. (Doc. 23 at 2.) Production of child pornography requires the government to prove that a person used, persuaded, or enticed a minor to engage in sexually explicit conduct with the intent that the minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. 18 U.S.C. § 2251(a). The admissions in the plea agreement are sufficient to support Defendant's conviction and Defendant stated under oath during the plea hearing that the facts relating to the charges were true.

Further, Defendant cannot show prejudice as a result of any alleged failure by defense counsel to investigate any exculpatory or mitigating evidence. Defendant admitted to making videos of the minor during his Mirandized interview and in his admissions in the plea agreement. Further, Defendant has wholly failed to identify any evidence that would have changed the outcome of his case. *United States v. Rodarmel*, 731 F. App'x 760, 762 (10th Cir. 2018) (finding that such failure is fatal to the claim). Defendant's assertions that his conduct was innocent in that he attempted delete the videos would not have resulted in a different outcome.[1]

### C.  Failure to Pursue a Rule 11(c)(1)(C) Plea

Defendant argues that defense counsel was ineffective for failing to pursue a Rule 11(c)(1)(C) agreement. Based on the evidence, the government informed defense counsel that it would not contemplate such a plea agreement. (Doc. 49-1.) Therefore, defense counsel was not ineffective for failing to pursue such an agreement.

---

[1] The court further declines to address Defendant's arguments in which he characterizes himself and MV1, a child, as a "cute couple" and disparages the victim by characterizing her as a "mature partner." (Doc. 48 at 11.) This is not a valid defense to the charge to which Defendant pleaded guilty, nor would it have had a favorable impact on this court's sentencing decision.

Further, to the extent that Defendant argues that defense counsel was ineffective for telling him that any suggestion to government counsel or the court about Defendant's desire to entertain a Rule 11(c)(1)(C) plea would result in dire consequences, Defendant fails to show any prejudice from such conduct.

### D. Failure to Object at Sentencing

Defendant argues that his counsel was ineffective by failing to make certain objections during sentencing. The court will address the arguments in turn.

First, Defendant asserts that defense counsel was ineffective for failing to object to the government's position on sentencing. Essentially, Defendant claims that government counsel informed defense counsel that he believed Defendant should get a lesser sentence than a previously sentenced Defendant, Juan Carmona. (Doc. 48 at 15–16.) Carmona was sentenced by the undersigned to 25 years. Defendant asserts that defense counsel should have objected during sentencing to the government's position that Defendant should be sentenced to 30 years and his characterization of Defendant's conduct as more egregious than Carmona. In response, the government contends that counsel did not mislead defense counsel and that he acted in strict accordance with the terms of the plea agreement. The court agrees. There was no breach of the plea agreement in this case by the government. The terms of that agreement stated that the government would recommend that Defendant be sentenced at the low end of the guidelines. Further, at the plea hearing, Defendant stated that he understood the terms of that agreement, that the court would determine the sentence, and that there were no side deals or oral agreements that were not set forth in the plea agreement. Therefore, counsel acted reasonably in declining to object to the government's position on sentence.

Next, Defendant contends that his defense counsel should have objected to the government's arguments on the objections to the presentence report. This argument is nonsensical. The court heard argument on defense counsel's objections to sentencing enhancements. The government merely argued in favor of the enhancements based on the facts. There was no basis to object to the government's position.

Finally, Defendant contends that defense counsel should have objected to statements reflecting alleged bias on the part of government counsel and the court. With respect to government counsel, Defendant argues that he made the inflammatory comment that "we just don't know" if Defendant distributed the child pornography on the dark web. (Doc. 48 at 17.) Defendant, however, fails to identify how this statement shows bias on behalf of government counsel. Further, Defendant's sentence was not based on any finding that he had shared the child pornography with anyone other than MV1.

Defendant also argues that his counsel should have objected to the undersigned's comments characterizing Defendant as a pedophile and broken. Defendant asserts that these statements reflect a bias by the court as Defendant was not diagnosed as a pedophile. Notably, the court's "pedophile" comment was made immediately after the victim impact statement in which the victim referred to Defendant as a "pedophile" twice. (Doc. 26 at ¶¶ 62, 64.)[2] Although the court recognizes that Defendant does not have a clinical diagnosis, the court's statement was a characterization of the events that had occurred in which Defendant groomed a 14/15 year old over a period of several months, took images and videos of her, kept the communications hidden, and then traveled by airplane with a vibrator and stuffed animal to engage in child rape. The court's recitation did not make a factual finding or opine that Defendant was a pedophile. Further, the

---

[2] This citation is to the presentence report which contains the victim statement that was read in court at sentencing.

court recognized that Defendant had no criminal history and had not engaged in this egregious conduct on any prior occasions and did not make any findings with respect to future conduct. Rather, the court stated that it was unknown if Defendant would engage in this conduct in the future recognizing that Defendant indicated that he would not. The court stated that it hopes that defendant can put this behind him and obtain appropriate care while incarcerated. It is clear from the discussion of the sentencing factors that this court did not sentence Defendant on the basis of a belief that Defendant was a pedophile or broken. Rather, Defendant was sentenced based on his egregious conduct and that sentence was reduced because of his lack of criminal history. Therefore, because the court did not make any findings and its comment did not form the basis for the sentence, Defendant has not shown that counsel's failure to object was deficient. Moreover, Defendant would have to show that there was a reasonable probability that, but for his counsel's failure to object, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Defendant has not demonstrated how such an objection could have led to a lower sentence.

### E. Failure to Object to PSR

Next, Defendant argues that his counsel was ineffective for failing to object to alleged factual errors in his presentence report. Defendant asserts that he informed his counsel of errors in his report which included "exclusion of some of Petitioner's medical conditions and required medications, names and relationships of mentioned relatives, and one wholly incorrect comment indicating that Petitioner was an isolated child with no friends." (Doc. 48 at 20–21.) Defendant asserts that his counsel advised him that nothing he mentioned would impact the sentencing and, therefore, declined to object to these alleged errors. In response, the government argues that Defendant has failed to identify the alleged errors, with one exception, and therefore cannot show prejudice. The court agrees. With the exception of the statement regarding his childhood,

Defendant makes no attempt to identify what information was excluded from his report or factually inaccurate. (*See* Doc. 48 at 20–21; Doc. 53 at 6.)

Even assuming that there are factual inaccuracies in the presentence report, Defendant has failed to show that these inaccuracies had any impact on his sentence. *See United States v. McNack*, 239 F. App'x 413, 415 (10th Cir. 2007). The court finds that the allegations in the petition fail to show that counsel's representation fell below an objective standard of reasonableness and fail to show that Defendant suffered any prejudice as a result.

### F. Failure to Obtain an Evaluation

Defendant argues that his counsel was ineffective for failing to obtain a psycho-sexual evaluation. Defendant asserts that he asked his counsel if he was going to be evaluated and she responded that he would not be evaluated unless he was going to assert an insanity defense. Defendant contends that trial counsel was ineffective for not obtaining an evaluation because he believes that such evaluation would prove that he was not a danger to the public or suffering from a deviant psychological condition. (Doc. 48 at 22.) In response, the government asserts that Defendant does not know and cannot show that an expert would have rendered such opinions, his defense counsel presented similar arguments at sentencing with respect to his history and disposition, and Defendant cannot show that he was prejudiced.

Defendant fails to cite to any authority in support of his assertion that such an evaluation was required here. As trial counsel advised Defendant, an evaluation is necessary when there is evidence of incompetency. *See Medina v. California*, 505 U.S. 437, 449 (1992). Here, Defendant's competence was not in question, so it was not unreasonable for defense counsel not to request such an evaluation. Further, the court found Defendant competent to enter a plea of guilty. Moreover, Defendant has not set forth any facts to show that such an evaluation would

have led to a reduced sentence.  Rather, Defendant merely speculates as to what a psychologist would have opined without any basis for such assertions.  As pointed out by the government, defense counsel argued at sentencing that Defendant did not have the propensity to engage in child sexual abuse and that he was not likely to reoffend.  (Doc. 30 at 14–18.)  The court considered these arguments in determining the sentence.

Accordingly, defense counsel's failure to obtain a psychological evaluation was not deficient performance, and Defendant was not prejudiced by it.

### G.  Failure to Contest Forfeiture

Defendant contends his counsel was ineffective for failing to challenge the forfeiture of Defendant's property on the basis that some of the property belonged to his employer.  Defendant asserts that his counsel informed him that "no one ever got anything back [and] it would be a waste of her valuable time" to contest the forfeiture.  (Doc. 48 at 24.)  The government contends that defense counsel's performance was not ineffective because Defendant admitted to using digital devices to produce child pornography, the devices forfeited were located in the hotel room, and he waived the right to contest the forfeiture in his plea agreement.  (Doc. 49 at 13–14.)

The court finds that it lacks authority under § 2255 to consider this claim.  Under that statute, relief is only provided to "defendants claiming a right to be released from custody, not to defendants challenging restitution or other financial orders related to their criminal sentence." *United States v. Smith*, No. 05-40065-01-RDR, 2010 WL 11651673, at *14 (D. Kan. Apr. 20, 2010) (citing *United States v. Papa*, 97 F. App'x. 848, 851 (10th Cir. 2004)).  Even if the court was to consider this claim of ineffective assistance of counsel, the court would find that the claim lacks merit for the reasons asserted by the government.

### H.  Downward Departure

Next, Defendant argues that his counsel was ineffective for failing to file a motion for downward departure. Defendant asserts that his counsel informed him that a "downward departure or downward variance would play into Petitioner's sentencing" but that she failed to file a motion. (Doc. 48 at 25.) In response, the government argues that defense counsel filed a motion for downward variance and, therefore, sufficiently sought a downward variance to 15 years.

Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The court finds that defense counsel's decision to file a motion for downward variance instead of a departure motion was a reasonable strategic decision. Defendant fails to offer any argument as to how a departure motion would have resulted in a lower sentence. Further, defense counsel was successful in her motion for a variance in that the court did vary downward in sentencing to 336 months. As such, Defendant has failed to establish that defense counsel's decision to file a motion for downward variance as opposed to a downward departure prejudiced Defendant.

I. **Rejected Plea Negotiation Strategy**

Defendant alleges that his counsel was ineffective for proposing a plea strategy that he rejected. Defendant's claim is hard to follow. However, as noted by the government, Defendant has not shown that he was prejudiced by his defense counsel's suggested tactics when Defendant rejected them and they were never employed.

J. **Advice Regarding Direct Appeal**

13

Defendant argues that his counsel provided ineffective assistance of counsel relative to pursuing an appeal. Specifically, defense counsel advised him that "he had no avenues of appeal, that there were no grounds on which he could file, and that attempting to file would only serve to expose Petitioner to a longer sentence." (Doc. 48 at 28.) Defendant "conceded" and did not seek to file an appeal. Defendant argues that defense counsel was ineffective because he wanted to "contest the imposed sentence," the fact he was misled by the government, and due to the alleged bias by the court. *Id.* In response, the government argues that Defendant waived his right to appeal in the plea agreement and that he has not advanced a claim that was not barred by the waiver. In reply, Defendant asserts that his claims of bias by the government and the court would not be barred by the waiver. (Doc. 53 at 9–10.)

Reviewing the allegations, the court finds that counsel's performance was not deficient with respect to the advice provided. Counsel has a duty in some circumstances to consult with her client regarding the "advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *United States v. Herring*, 935 F.3d 1102, 1108 (10th Cir. 2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). "Once the duty to consult is invoked by a defendant expressing interest in appealing, trial attorneys must properly advise their client and assess their client's wishes before withdrawing from the case." *Id.* at 1109 (citing Stds. For Crim. Justice § 21-2.2 cmt. (Am. Bar Ass'n 1980)). Finally, "[a] defendant receives ineffective assistance of counsel if his attorney disregards a specific instruction to take an appeal from a conviction or sentence." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). Here, after Defendant informed his counsel about a potential appeal, counsel told him that he did not have any basis to file his appeal. Defendant decided to not file an appeal based on that advice. Defendant has not shown that this advice was completely unreasonable given the appeal waiver in

the plea agreement. *See United States v. Pennington*, 219 F. App'x 805, 808 (10th Cir. 2007) (citing *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (explaining that for counsel's advice to be constitutionally ineffective it must be "completely unreasonable, not merely wrong")); *See Anderson v. United States*, No. CR 10-0086 MCA, 2013 WL 12164686, at *5 (D.N.M. Mar. 7, 2013), *report and recommendation adopted*, No. CR 10-0086 MCA, 2015 WL 12859352 (D.N.M. Aug. 17, 2015) (finding that a claim of judicial bias is barred by an appeal waiver unless the claim falls under one of the four exceptions to the enforcement of appeal waivers but recognizing the Tenth Circuit has not been directly presented with the question). Further, even if his claim of judicial bias would not have been barred by the appeal waiver, Defendant has not shown that the court held an impermissible bias towards him. Therefore, counsel's advice that there were no grounds to appeal was not completely unreasonable. Moreover, to the extent Defendant asserts that his counsel's advice regarding a potential increase in his sentence upon remand was coercive, such advice was not completely unreasonable in that the potential to receive a longer sentence upon remand did exist given the court's below guideline sentence. *See Pennington*, 219 F. App'x at 808.

After review, the court finds that Defendant has failed to show that counsel's conduct fell beneath the standard articulated herein. Further, Defendant has failed to show that he was prejudiced by this conduct given that the arguments he sought to address on appeal lack merit and would have been precluded by the appeal waiver.

### K. Disproportionate Sentence

Defendant claims that his sentence was disproportionate to other offenders when taking into account all personal and mitigating factors that the court was not aware of due to defense counsel's alleged ineffective assistance. Defendant essentially argues that his sentence is too harsh

considering that he was a first time offender, was in good standing in the community, and was not at risk of recidivism. (Doc. 48 at 29.) Defendant asserts that the issues raised and considered by the court in this order support this claim. In this claim, Defendant's description of his actions reveal that he is operating under a misunderstanding of the egregious nature of his crimes. For example, Defendant compares the relationship between him and MV1 as "a man in his 40s is found to be in a romantic and sexual relationship with a girl in high school." *Id.* With respect to the child pornography, he claims that "the content of his devices was far more comparable to the average person in a romantic dating relationship than of the average sex offender." *Id.* at 30. Further, he asserts that although he admits that he "hit record on his device, the content for which he is now condemned was not his goal." *Id.*

Defendant's statements in his brief indicate that he does not understand that his conduct was criminal. Rather, he continues to portray a narrative that he was in a relationship with MV1 and, as a result, this is an excuse for his behavior and he should not be subject to the punishment that the statute and sentencing guidelines call for.

At sentencing, the court considered several arguments raised by defense counsel. Such arguments included a comparison to Juan Carmona, who was sentenced by the undersigned to 25 years for similar conduct. Further, the court considered that Defendant's devices did not have thousands or even hundreds of images and/or videos. Further, the court considered the lack of criminal history and Defendant's background. Defendant's allocution statement to the court revealed his belief that they were engaged in some kind of relationship and Defendant had remorse that his conduct hurt MV1. All of these things were considered by the court. Defendant fails to identify any evidence that was not presented to the court by counsel that would have had an impact on sentencing.

The court finds that defense counsel's representation during sentencing was reasonable and, further, Defendant has failed to show that he was prejudiced by her representation during sentencing.

### L. Cumulative Error

Defendant argues that his counsel's cumulative errors entitle him to relief. On this point, Defendant cites the standard and argues that all of the alleged harmless errors have prejudiced him. (Doc. 48 at 32.) The government argues that Defendant failed to establish any error.

"Cumulative error is present when the 'cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'" *Workman v. Mullin*, 342 F.3d 1100, 1116 (10th Cir. 2003) (quoting *Duckett v. Mullin*, 306 F.3d 982, 992 (10th Cir. 2002)). Here, the court has not determined error on the basis of any claim set forth in the petition. Therefore, this claim fails. *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) ("[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.").

### M. Misconduct

Finally, on his last claims, Defendant again argues that both government counsel and the court engaged in misconduct and were biased. In support of his claim, he points to the same allegations he made in his claim regarding objections at sentencing. The court need not reiterate these issues as it has already determined that Defendant failed to establish any bias on behalf of government counsel or the court. Defendant has also failed to demonstrate a violation of due process on the basis of the alleged judicial bias because he has not shown actual bias or an appearance of bias. *United States v. Deberry*, 451 F. App'x 749, 755–56 (10th Cir. 2011) (quoting *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977) ("The bias charged must be of a personal

nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case.")  Further, Defendant has failed to show that he would have received a different sentence.

Defendant's sentence was imposed after a careful review of the sentencing factors and an application of the Sentencing Guidelines.  Defendant's sentence was not based on any impermissible bias nor in violation of law.

### IV.   Conclusion

Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 40) is DENIED. Defendant's motions for an order staying judgment and to appoint counsel (Docs. 46, 51) are DENIED AS MOOT.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 13th day of December 2023.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE